IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-19-0036 |
| | | CIVIL NO. JKB-25-0825 |
| RICHARD GRIER, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Richard Grier's 28 U.S.C. § 2255 Motion. (ECF No. 1570.) The Motion will be denied.

### I. Background

Petitioner was charged with, *inter alia*, conspiracy to participate in a racketeering enterprise. (ECF No. 1000.) As the record reflects, Christopher Purpura was appointed to represent him. (ECF No. 77.) Petitioner filed *pro se* motions seeking copies of discovery. (ECF Nos. 768, 830.) The Court denied these motions, explaining that Petitioner was represented by counsel and thus the Court would not entertain *pro se* motions. (ECF No. 988.) Petitioner then filed motions seeking to proceed *pro se*. (*See, e.g.*, ECF No. 1009.) The Court referred the matter for an attorney inquiry hearing. (ECF No. 1013.)

On December 19, 2022, during the attorney inquiry hearing, Judge Maddox found that "Mr. Grier is aware of the disadvantages of proceeding with self-representation, but he wants to represent himself in this matter." (ECF No. 1147 at 17.) During a *Faretta* hearing, after being advised of the risks of not proceeding with counsel, Petitioner chose to waive his right to counsel. (*Id.* at 26–27.)

On January 6, 2023, Judge Maddox conducted a *Lafler/Frye* hearing. (ECF No. 1137.) Mr. Purpura appeared as standby counsel. (*Id.* at 3.) During the hearing, Judge Maddox denied Petitioner's motion for discovery, explaining that, "for various reasons including safety concerns, it is the policy of this Court . . . not to permit discovery files in facilities of incarceration to include any state prison and include any pre-trial detention facility. So you can't have personal possession of those documents as long as you are incarcerated." (*Id.* at 16–17.) Judge Maddox explained that Petitioner could have access to the documents through Mr. Purpura. (*Id.* at 17.) In addition, at the hearing, the Government explained that it had emailed Mr. Purpura a written plea offer for Petitioner on January 3, 2023, in which it agreed to recommend a sentence of no greater than twenty years' imprisonment. (*Id.* at 8, 11.) During the hearing, Petitioner made a counteroffer, proposing a fifteen-year cap, rather than a twenty-year cap. (*Id.* at 26.)

At his Rule 11 and sentencing hearing, Petitioner requested that Mr. Purpura represent him. (*See* ECF No. 1134 at 2.) Petitioner ultimately pleaded guilty to Count 1 of the Fourth Superseding Indictment, which charged him with conspiracy to participate in a racketeering enterprise. (ECF No. 1059.) He was sentenced to fifteen years' incarceration. (ECF No. 1509.)

Petitioner appealed, and the Fourth Circuit affirmed.[1] (ECF No. 1473.)

## II. Legal Standard

28 U.S.C. § 2255 allows a federal prisoner to move to set aside a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The movant in a § 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the

---

[1] The Fourth Circuit remanded for correction of a clerical error in the judgment, which is not relevant here.

evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Though a court must hold a hearing when the movant raises a genuine dispute of fact, the court need not do so where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). "[H]abeas review is an 'extraordinary remedy' that should not take the place of an appeal. As a result, 'the circumstances under which a guilty plea may be attacked on collateral review' are 'strictly limited.'" *United States v. Herrera-Pagoada*, 14 F.4th 311, 318 (4th Cir. 2021) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

## III.   Analysis

Petitioner seeks to vacate his sentence for several reasons. First, he argues that the Court abused its discretion when it denied Petitioner's motion to receive discovery files and required him to get the files through Mr. Purpura. (ECF No. 1570 at 4.) Second, he argues that the Court erred "by forcing Grier back with . . . counsel." (*Id.*) Third,[2] he argues that the Court erred in accepting the guilty plea, which he contends contained various infirmities. (*Id.* at 5–8.) His argument in this respect in somewhat difficult to follow, but he argues that the date of the document renders it inoperative. (*Id.*) He explains that the document, dated January 3, 2023, was sent to Mr. Purpura when he was not counsel of record and that Mr. Purpura was "not legally placed back on the record as a standby or counsel of . . . record until January 6, 2023." (*Id.*) He explained that the document was not revised to correct this error. (*Id.*) None of these arguments are availing, and Petitioner's Motion will be denied.

As an initial matter, Petitioner raised these issues on appeal, and the Court of Appeals rejected them. As this Court has explained:

---

[2] Petitioner brings four grounds in support of his request to vacate his sentence. However, grounds three and four both go to the validity of the plea agreement and his contention that the Court erred in accepting his guilty plea, and Petitioner explains that ground four is meant to "summarize the whole matter." (ECF No. 1570 at 5.) Thus, the Court treats them as one.

3

> The scope of collateral review under § 2255 is narrower than on appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 578 U.S. 488, 519 (2016) (Alito, J., concurring) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). "Accordingly, at least as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." *Foster*, 578 U.S. at 519 (citing, *inter alia*, *United States v. Roane*, 378 F.3d 382, 397 n.7 (4th Cir. 2006)). Indeed, "it is well-settled that [a defendant] cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion.'" *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (quoting *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)) (ellipsis in *Dyess*); *see United States v. Caro*, 733 F. App'x 651, 659 (4th Cir. 2018) (same).

*United States v. Stavrakis*, Crim. No. ELH-19-0160, 2024 WL 3302618, at *8 (D. Md. July 3, 2024). Here, Petitioner raised the arguments he makes now on appeal. *See* Informal Opening Brief, *United States v. Grier*, No. 23-4027, ECF No. 17 (4th Cir. Mar. 20, 2023). The Fourth Circuit considered and rejected them, holding that this Court "fully complied with Rule 11," that Petitioner waived his claim that this Court erred by denying his discovery motions, that Petitioner waived his right to self-representation at the Rule 11 and sentencing proceeding, and that this Court did not abuse its discretion by determining that Petitioner should review discovery through standby counsel. (*See* ECF No. 1473.) Thus, Petitioner's § 2255 Motion must be denied for that reason.

Even if Petitioner could overcome that bar, his arguments lack merit. First, his argument that the Court abused its discretion when it denied his motion to receive discovery files and required him to review the files through Mr. Purpura does not merit the vacatur of the Court's judgment. The Court has broad discretion in deciding discovery issues, and in determining "how much assistance, if any, standby counsel may provide." *United States v. Hunt*, 99 F.4th 161, 164 (4th Cir. 2024). Judge Maddox denied Petitioner's motion to receive discovery files due to safety concerns, given Petitioner's incarceration. Judge Maddox also ruled that Petitioner could review the files through Mr. Purpura. These rulings were proper. *See United States v. Galloway*, 749 F.3d 238, 242 (4th Cir. 2014) (concluding that a district court did not abuse its discretion in denying

4

a *pro se* defendant's request to have copies of discovery while incarcerated "[i]n view of the legitimate security concerns and [the defendant's] failure to show any prejudice from the arrangement").

Second, Petitioner's argument that the Court erred "by forcing Grier back with . . . counsel" likewise lacks merit. It is true that "the Sixth Amendment also protects a defendant's affirmative right to self-representation." *United States v. Ductan*, 800 F.3d 642, 648 (4th Cir. 2015). However, as noted above, "district courts have broad discretion to decide how much assistance, if any, standby counsel may provide," *Hunt*, 99 F.4th at 184, and "may—even over objection by the accused—appoint a 'standby counsel.'" *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). And here, the record reflects that Petitioner was never "forced" back with counsel. The Court has already rejected Petitioner's argument with respect to the discovery motions above, and the record reflects that Petitioner sought Mr. Purpura's representation during his guilty plea and sentencing hearing. The following colloquy took place at that hearing:

> THE COURT: . . . And Mr. Grier, you represent yourself in this matter.
> THE DEFENDANT: Yes . . . .
> THE COURT: Will you like to continue to represent yourself through this guilty plea hearing or do you want to have Mr. Purpura more formally represent you during this hearing?
> THE DEFENDANT: He can do it.
> THE COURT: Okay. So you would like Mr. Purpura to once again be designated as your lawyer and to represent you in this hearing; is that correct?
> THE DEFENDANT: Yes.

(ECF No. 1134 at 2.) Later, the following colloquy took place:

> THE COURT: Mr. Grier, have you fully discussed the charges in the indictment and the case in general with your lawyer?
> THE DEFENDANT: Yes.
> THE COURT: Are you fully satisfied with the legal representation that you've received from him?
> THE DEFENDANT: Yes.
> THE COURT: Do you believe your lawyer's given you good advice?
> THE DEFENDANT: Yes.

5

> THE COURT: Do you believe that your lawyer has been a zealous and effective legal advocate on your behalf?
> THE DEFENDANT: Yes.

(*Id.* at 9–10.) Thus, the record reflects that Petitioner was never forced back with counsel.

Finally, he argues that the Court erred in accepting the guilty plea. As the Court previously noted, his argument in this respect is somewhat difficult to follow, but he argues that the date of the document renders it inoperative because Mr. Purpura was not his counsel of record on January 3, 2023, and he only became counsel of record on January 6, 2023. Simply put, this argument has no merit. Petitioner's signature on the plea agreement itself is dated January 6, 2023, not January 3, 2023. (ECF No. 1059.) In any event, Mr. Purpura was Petitioner's standby counsel, and he was designated as Petitioner's counsel during the guilty plea and sentencing hearing at Petitioner's request. Even if the document were dated January 3, 2023, such date would not render the plea agreement somehow invalid or inoperative.

For the foregoing reasons, Petitioner's § 2255 Motion must be denied.

## IV.   Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a

certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Petitioner does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

## V. Conclusion

For the foregoing reasons, it is ORDERED that:

1. Petitioner's § 2255 Motion (ECF No. 1570) is DENIED.

2. A Certificate of Appealability SHALL NOT ISSUE.

3. The Clerk is DIRECTED to close the accompanying civil case, JKB-25-0825.

DATED this ___6___ day of August, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge